Filed 4/26/13  Cambridge v. Holland CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RICHARD CAMBRIDGE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>MILTON HOLLAND,<br><br>   Defendant and Appellant. | E053672<br><br>(Super.Ct.No. CIVVS1000888)<br><br>**OPINION** |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Kevin McBride for Defendant and Appellant.

Law Offices of Charles D. Nachand, Charles D. Nachand and Richard B. Hudson for Plaintiff and Respondent.

Defendant and appellant Milton Holland appeals from an order denying his special motion to strike pursuant to Code of Civil Procedure section 425.16 (hereinafter section 425.16).  The appeal is authorized by Code of Civil Procedure section 904.1, subdivision (a)(13).

1

The trial court denied the motion on grounds that, "although defendant Holland has met his burden of showing that the causes of action arise, in part, out of his protected speech, [p]laintiff [and respondent] Cambridge has met his burden of showing that he has a probability of prevailing based on his showing that Holland made defamatory and unprivileged statements to Ms. Beckman and Mr. Duffey accusing plaintiff of a crime." (Underscore omitted.)

I

THE SPECIAL MOTION TO STRIKE

"Section 425.16 provides in relevant part that: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' [Citation.] 'The Legislature enacted section 425.16 to prevent and deter "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." [Citation.] Because these meritless lawsuits seek to "deplete the defendant's energy" and drain "his or her resources [citation], the Legislature sought to prevent SLAPPs[1] by ending them early and without great cost to the SLAPP target." [Citation.] Section 425.16 therefore

---

[1] SLAPP is an acronym for "[S]trategic [L]awsuits [A]gainst [P]ublic [P]articipation." (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 813, overruled on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68.)

establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation.'  [Citations.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278; see also *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820.)

Section 425.16, the anti-SLAPP statute, therefore "permits a court to dismiss certain types of nonmeritorious claims early in the litigation.  [Citation.]"  (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087.)

Specifically, "[r]esolution of an anti-SLAPP motion 'requires the court to engage in a two-step process.  First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.  The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute.  [Citation.]  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.'  [Citation.]"  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)

II

THE TRIAL COURT'S DECISION

As noted above, the trial court found defendant had met his burden of showing that the action arose from his exercise of his free speech rights in connection with a

3

public issue. However, it then determined that plaintiff demonstrated a probability of prevailing on his defamation claim.

The issues presented are whether the latter determination is correct and whether defendant has shown, as a defense, that the statements are absolutely privileged under Civil Code section 47.

III

THE STATEMENT OF DECISION

The trial court's statement of decision succinctly summarizes the facts as follows: "This Special Motion to Strike plaintiff Cambridge's First Amended Complaint (FAC) and the demurrer to the FAC arise out of a dispute between two members of the Apple Valley Village Property Owners Business Improvement District (PBID). Cambridge alleges that the dispute arose when Holland sought reimbursement of $1,000.00 for equipment and materials required to take pictures of a sign under discussion by the PBID [by] falsely claiming that Cambridge had authorized the expenditure. Cambridge alleges that Holland has falsely accused him of stealing money from PBID and made other false accusations. Cambridge sues alleging, in the FAC, causes of action for 1) Defamation and 2) Injunctive Relief."

As noted above, the trial court found defendant's statements were made in exercise of his free speech rights in connection with a public issue.

IV

PROBABILITY OF PREVAILING ON THE DEFAMATION CLAIM

Since the SLAPP statute is aimed at weeding out unmeritorious claims, the SLAPP motion should be granted unless plaintiff has demonstrated a probability of prevailing on his defamation claim. (§ 425.16, subd. (b).)

The trial court relied on *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993: "To show a probability of prevailing for purposes of section 425.16, a plaintiff must ""'make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.'"" [Citation.] This standard is 'similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment,' in that the court cannot weigh the evidence. [Citation.] However, the plaintiff 'cannot simply rely on the allegations in the complaint' [citation], but 'must provide the court with sufficient *evidence* to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim."' [Citation.]'" (*Id.* at p. 1010.)

Disregarding the statements made in public proceedings or in connection with protected free speech activities, the trial court examined the evidence showing that defendant made defamatory statements to private persons.

The evidence submitted by plaintiff consists of three declarations. The trial court succinctly described the declarations as follows: "Cambridge presents the declaration of Donald Duffey [(Duffey)] who declares that Holland came to his place of business with a petition he believed was related to the PBID and that after Duffey told him that he was not interested in the petition, Holland told him that Mr. Cambridge was a crook. Duffey

5

Declaration ¶¶ 2-4. Cambridge also presents the declaration of Soni[] Beckman [(Beckman)], an administrative consultant to the PBID, who declares that some time after the September 2009 PBID meeting, Holland called her and, after informing her that he did not intend to sue her, stated that Cambridge 'was a crook and embezzler.' Beckman Declaration ¶ 9. Beckman also declares that, after the November 2009 PBID meeting, Holland approached her in the parking lot and told her that Cambridge 'was a crook and had embezzled funds. Beckman Declaration ¶ 12. Cambridge presents his own declaration where he states that Holland's statements were false and denies receiving any money to build the sign which was the apparent basis for Holland's claims that Cambridge acted inappropriately. Cambridge Declaration ¶¶ 10, 13, 17, 18."

Setting aside the question of whether defendant has successfully established his privilege defense, it is apparent that the declarations establish at least a prima facie case of defamation by slander. (Civ. Code, §§ 44, 46.) As the trial court points out, slander includes a false and unprivileged oral communication which accuses a person of a crime. (Civ. Code, § 46.)

Defendant disagrees with the trial court's analysis and instead posits a test that would require granting the motion if the alleged statements were "contextually related" to the public issue, even if the statements were defamatory per se, and even if they were made outside the official meeting place.

We do not need to respond to the argument in detail because the entire discussion of the arguments presented in that case was in the interpretation of the first issue, i.e., whether the act was in furtherance of a person's right of petition or free speech. (*Briggs*,

6

*supra*, 19 Cal.4th at pp. 1113-1114, interpreting section 425.16, subdivisions (b)(1) and (e).)  The court specifically noted it was not basing its decision on the issue of whether the plaintiffs met their burden of demonstrating a probability that they would prevail on their claims.  (*Briggs*, at p. 1115, fn. 6.)  The case is thus not applicable to the issues presented here.

In addition, we note the trial court found in defendant's favor on the first portion of the test.  (§ 425.16, subd. (e).)  Nothing in *Briggs* interprets the second portion of the test.

In his respondent's brief, plaintiff cites *Soukup v. Hafif*, *supra*, 39 Cal.4th 260, in support of the trial court's decision.  In that case, our Supreme Court said:  "To establish a probability of prevailing, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'  [Citations.] For purposes of this inquiry, 'the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant [citation]; though the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.'  [Citation.] In making this assessment it is 'the court's responsibility . . . to accept as true the evidence favorable to the plaintiff . . . .'  [Citation.]  The plaintiff need only establish that his or her claim has 'minimal merit' [citation] to avoid being stricken as a SLAPP. [Citation.]"  (*Id*. at p. 291.)  Applying this test, we agree with the trial court that the

defamation cause of action has "minimal merit."  Since it was therefore a potentially meritorious cause of action, the trial court properly denied the special motion to strike.

V

THE ABSOLUTE PRIVILEGE DEFENSE

Civil Code section 47, subdivision (b) defines privileged publication to include a publication made in "any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ."[2]

Defendant urges that his statements to Beckman were related to the public issue.  Similarly, he argues that his statements to Duffey are protected by this privilege because they were all made during defendant's conversation with Duffey, in which he asked Duffey to sign a petition to remove plaintiff from office.

However, we agree with the trial court that Civil Code section 47, subdivision (b) is inapplicable because the statements were not made *in* a legislative or judicial proceeding, or "any other official proceeding authorized by law . . . ."  "'[T]he privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'"  (*Wise v. Thrifty Payless, Inc.* (2000) 83 Cal.App.4th 1296, 1302.)  The statements were made to Beckman and Duffey, persons not involved in any legislative or legal proceedings with

---

[2]  The exceptions to Civil Code section 47, subdivision (b)(1) are not relevant here.

defendant. Accordingly, we find that the litigation privilege does not protect defendant from a defamation action.

Civil Code section 47, subdivision (c) provides a privilege for "a communication, without malice, to a person interested therein, (1) by [a person] who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." The balance of the subdivision refers to information provided by a former employer about the job performance of a person who is applying for a new job.

Plaintiff argues that Civil Code section 47, subdivision (c) is inapplicable because, (1) the statements were not made without malice and (2) the statements were not made to an interested party. Although not in the declarations, plaintiff argues that there was ample evidence of malice. However, the trial court focused on the declarations.

Plaintiff points out that Beckman, although she was an administrative consultant to PBID, was not an interested person. After the November 9, 2009, board meeting, defendant called her and told her that plaintiff was a crook and had embezzled funds. He also approached her in the parking lot after the November 2009 meeting and told her that plaintiff was a crook who had embezzled funds. After these incidents, she refused to have anything further to do with defendant. She certainly does not meet any definition of an interested person.

Plaintiff also relies on the Duffey declaration. The trial court summarized the declaration by stating that defendant had come to Duffey's business and asked him to

9

sign a petition. After Duffey told defendant that he was not interested, defendant told Duffey that plaintiff was a crook. Duffey was also a private person who had no interest in the controversy between defendant and plaintiff.

Defendant does not specifically discuss Civil Code section 47, subdivision (c) in his brief. He thus fails to support his trial court argument and fails to demonstrate any reason that his conduct is subject to the litigation privilege defense under Civil Code section 47. We conclude that defendant's statements were not privileged because they were not within the litigation privilege of section 47.

Accordingly, we agree with the trial court that plaintiff has shown a prima facie case that he will prevail in his defamation action.

VI

DISPOSITION

The trial court's order denying the special motion to strike is affirmed. Plaintiff is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI_____
J.

We concur:


HOLLENHORST_____
        Acting P. J.


KING_____
        J.